**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 20 2012, 9:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OTTO MCGEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-376 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-1110-FB-72719

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Otto McGee appeals the trial court's revocation of his placement on home detention. We affirm.

## Issue

The sole issue is whether the trial court erroneously denied McGee's motion to continue the home detention revocation hearing.

## Facts

On January 6, 2012, McGee pled guilty to one count of Class D felony auto theft. The trial court sentenced McGee to a term of two years, with 185 days executed and 545 days suspended. The executed portion of the sentence was to be served through a direct commitment to home detention as supervised by a private entity, Hoch Correctional Consultants and Services ("HOCCS").

On March 27, 2012, HOCCS filed a petition seeking to revoke McGee's placement on home detention. The petition alleged that McGee had violated the terms of his home detention by being absent from his home without authorization for approximately three hours on March 25, 2012, and for approximately three-and-a-half hours on March 26, 2012. The petition alleged in part with respect to the March 25 allegation that "a witness at the building stated that the subject was well dressed and entered a vehicle that drove away." App. p. 53.

The trial court held a hearing on the petition on April 13, 2012. Eric Hoch of HOCCS testified that McGee's electronic ankle bracelet and associated monitoring

device indicated that he was not at home on March 25, 2012 from 7:31 p.m. to 10:25 p.m., and on March 26, 2012 from 5:15 p.m. to 8:42 p.m., and that McGee was not authorized to be away from home during those times. Regarding the March 25 allegation, Hoch testified that he called McGee's residence and spoke with a female who identified herself as McGee's girlfriend and who said that McGee "was dressed up and left with some people in a car." Tr. p. 10. After Hoch's testimony, McGee moved for a continuance of the hearing so as to contact McGee's girlfriend, "[s]o we can confirm some of that stuff and maybe even call her as a witness." Id. at 15. The trial court denied the motion and proceeded with the remainder of the hearing.

McGee testified that, on the evening of March 25, 2012, he had spent three hours in the basement of his home doing laundry, although Hoch had testified that being in a basement should not have interfered with the electronic monitoring system. With respect to March 26, 2012, McGee testified that it took him over three hours to take the bus home from work. At the conclusion of the hearing the trial court concluded that McGee had violated the terms of his home detention with respect to both March 25 and 26, 2012, and revoked his continued placement on home detention. McGee now appeals.

**Analysis**

McGee argues that the trial court should have granted his motion to continue. We review motions to continue that are not required to be granted by statute, such as the motion in this case, for an abuse of discretion. Barber v. State, 911 N.E.2d 641, 645-46

3

(Ind. Ct. App. 2009).[1]  Additionally, the denial of a continuance motion must result in prejudice to the defendant.  Id.  An abuse of discretion occurs if a ruling is clearly against the logic and effect of the facts and circumstances before the trial court.  Id.

McGee contends that denial of his continuance motion violated his right to due process in connection with revocation of his home detention privileges.  Although a probationer or participant in a community corrections program is not entitled to the full array of due process protections afforded a defendant at a criminal trial, there are procedural and substantive limits on the revocation of the conditional liberty afforded by probation or community corrections.  Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008); Davis v. State, 669 N.E.2d 1005, 1007-08 (Ind. Ct. App. 1996), trans. denied.  Namely, before probation or community corrections may be revoked, there must be:  (a) written notice of the claimed violations of probation or community corrections; (b) disclosure of the evidence against the defendant; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body.  Woods, 892 N.E.2d at 640.  McGee argues that denial of the continuance motion in order for counsel to interview his girlfriend and possibly present her as a witness impacted his ability to present evidence in his defense.  He also notes that his appointed attorney had only a few days to prepare for the revocation hearing.

---

[1] Both parties are relying upon cases concerning motions to continue a criminal trial, not a probation or community corrections revocation hearing.

4

Even if we were to assume that the trial court should have granted the continuance, however, McGee has not demonstrated that he was prejudiced by that denial. This court will affirm revocation of a community corrections placement if there is proof of a single violation of the conditions of such placement, even if the trial court erroneously relied on evidence of additional violations. See Bussberg v. State, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), trans. denied. Here, any testimony of McGee's girlfriend would have been relevant only to his alleged March 25, 2012 violation of home detention. McGee has made no claim or argument that she could have provided relevant evidence or testimony with respect to the occasion on March 26, 2012, when the electronic monitoring device indicated that he was absent from home for almost three-and-a-half hours without authorization. McGee attempted to explain that he had trouble taking the bus home from work that day, but the trial court was entitled to reject that explanation for his absence and to find, as it did, that he was absent from home without authorization at that time. McGee makes no argument that there was insufficient evidence to support that finding. As such, the evidence related to March 26, 2012 is, by itself, enough for us to affirm the revocation of his home detention placement.

## Conclusion

Because there was sufficient evidence McGee violated the terms of his home detention on March 26, 2012, we affirm the revocation of his placement on home detention without regard to the finding related to the alleged violation on March 25, 2012.

5

Affirmed.

BAKER, J., and RILEY, J., concur.